IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGNINIA
Alexandria Division

| | | |
|---|---|---|
| CLIFF THOMAS, SR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: |
| LOUDOUN COUNTY, VIRGINIA, | : | |
| Defendant. | : | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), FALSE ARREST, MALICIOUS PROSECUTION, NEGLIGENCE, AND RELATED RELIEF**

**Introduction**

1. This is a civil rights and tort action arising from Plaintiff's wrongful arrest, detention, and denial of records related to that arrest. Plaintiff, an African American homeowner and business owner, was falsely charged under an inapplicable Virginia statute after The Home Depot reported a private contractual dispute involving Plaintiff's company. Loudoun County officials, through a deputy sheriff and magistrate judge, converted that private dispute into a felony arrest without probable cause. Plaintiff suffered a stroke while in custody, was assaulted in jail, and continues to suffer medical and financial damages. Loudoun County further denied Plaintiff's repeated FOIA requests for access to video evidence of his arrest and incarceration, violating his due process rights.

**Jurisdiction and Venue**

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and supplemental jurisdiction under 28 U.S.C. § 1367 (state law claims). Venue is proper in this District because the events giving rise to these claims occurred in Loudoun County, Virginia, within the Eastern District of Virginia.

**Parties**

3. Plaintiff Cliff Thomas Sr. is a resident of Chantilly, Virginia.

4. Defendant Loudoun County, Virginia, is a local government entity subject to suit under 42 U.S.C. § 1983.

## Factual Background

5. On June 21, 2024, Loudoun County Deputy Sheriff PFC R. Patel obtained an arrest warrant from Magistrate Quinn charging Plaintiff with felony violation of Va. Code § 18.2-117 (failure to return animal, aircraft, vehicle, or boat). The charge arose from a rental contract between The Home Depot and Courtland Farm Manor LLC, a Virginia-registered limited liability company. Plaintiff was not a party to the contract, did not sign a personal guarantee, and the contract was signed by a Home Depot associate. See **Exhibit A** – Rental Contract; **Exhibit B** – Charging Documents.

6. Despite no sworn facts connecting Plaintiff personally to the contract or obligation, Deputy Patel swore out the criminal complaint, and Magistrate Quinn issued the warrant without probable cause or due process. Within two hours, Plaintiff was arrested at his home and charged with a felony.

7. Plaintiff suffered a stroke in the back of the police cruiser while under arrest, and was hospitalized in critical condition, and upon return to jail was physically assaulted by deputies. See **Exhibits C–E** – Medical Records.

8. The felony charge was ultimately dismissed. Plaintiff has since sought expungement of the arrest record. See **Exhibit F** – Expungement Filings.

9. Plaintiff filed multiple FOIA requests for video and records of his arrest and detention. Loudoun County denied or ignored these requests, depriving Plaintiff of transparency and evidence needed to vindicate his rights. See **Exhibits G–K** – FOIA Requests and Denials.

## Claims for Relief
### Count I – 42 U.S.C. § 1983 (False Arrest and Malicious Prosecution – Fourth and Fourteenth Amendments)

10. Plaintiff realleges and incorporates by reference the foregoing paragraphs. Defendant Loudoun County, through its magistrate and deputy sheriff, deprived Plaintiff of liberty without

probable cause. The County initiated a prosecution under a statute inapplicable to the underlying facts and without any legal basis.

### Count II – 42 U.S.C. § 1983 (Due Process – Denial of FOIA and Evidence Access)

11. Defendant Loudoun County repeatedly denied Plaintiff's FOIA requests for arrest and jail video evidence. These denials deprived Plaintiff of his right to access public records, undermined his ability to defend himself, and constitute a due process violation actionable under § 1983.

### Count III – False Arrest and Malicious Prosecution (Virginia Law)

12. Defendant caused Plaintiff to be arrested and prosecuted without probable cause. The charges were dismissed, and Defendant is liable under Virginia common law for false arrest and malicious prosecution.

### Count IV – Negligence (Virginia Law)

13. Defendant breached its duty of reasonable care by failing to properly investigate before swearing out a warrant and by pursuing prosecution absent probable cause. This negligence directly caused Plaintiff's damages.

### Damages

14. Plaintiff suffered physical injuries including a stroke, emotional injuries including PTSD, lost income exceeding $200,000, ongoing therapy costs, reputational harm, and legal expenses. Plaintiff seeks compensatory damages in excess of $750,000 and punitive damages to deter future misconduct.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award compensatory damages in an amount to be determined at trial;

c. Award punitive damages for reckless and malicious conduct;

d. Order injunctive relief compelling FOIA compliance and expungement;

e. Award costs and attorneys' fees under 42 U.S.C. § 1988; and

f. Grant such other relief as this Court deems just and proper.

**Jury Demand**
Plaintiff demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

Cliff Thomas Sr.
42831 Appaloosa Trail Court
Chantilly, VA 20152
(703) 439-0208
thomascliff@hotmail.com
Plaintiff, Pro Se